**United States District Court**
**Central District of California**

United States of America,

                              Plaintiff,                    15-CR-00621-R-3

              v.                                  **Order Granting Motion for Early**
                                                   **Termination of Supervised Release**
Arsen Terzyan,

                              Defendant.

        On March 9, 2020, Defendant Arsen Terzyan ("Defendant") filed a "Motion to Terminate Supervised Release Term" ("Motion"). Having considered the papers filed in support of, and in opposition to, the Motion, the Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court GRANTS the Motion.

**I.      Background**

        On March 21, 2016, Defendant pled guilty to one count of conspiracy to possess 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(b)(2), one count of possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), (b)(1), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). On June 20, 2016, the Court sentenced Defendant to imprisonment for a term of 36 months, 24 months for the aggravated identity theft count and 12 months for the conspiracy and possession of

unauthorized access devices counts, to run consecutively, and, upon release from imprisonment, supervised release for a term of three years.  Defendant completed his custodial sentence on August 10, 2018.  He is currently serving his term of supervised release, which is set to expire on August 9, 2021.

Defendant filed the instant Motion on March 9, 2020.  The United States filed Opposition to the Motion on March 16, 2020.

## II.      Legal Standard

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires the Court to consider factors set forth in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."  United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002).  After considering the relevant Section 3553(a) factors, the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); see United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)).  "The expansive phrase 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when

determining whether to grant early termination."  United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).

The Ninth Circuit has cited the Second Circuit's decision in Lussier, 104 F.3d 32 (2d Cir. 1997), favorably for the holding that early termination of supervision is warranted where the defendant demonstrates changed circumstances, such as exceptionally good behavior:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release . . . in order to account for new or unforeseen circumstances. Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

Miller, 205 F.3d at 1101 (quoting Lussier, 104 F.3d at 36).  The Ninth Circuit has since explained that it is not necessarily required for a defendant to demonstrate undue burden or changed circumstances in order to be eligible for early termination, so long as the defendant meets the requirements of Section 3583(e)(1).  See Emmett, 749 F.3d at 819-20; United States v. Bainbridge, 746 F.3d 943, 948-49 (9th Cir. 2014).

### III.    Discussion

Defendant moves for early termination of his supervised release because "[t]he goals of supervision have been reached, the need for further supervision is no longer needed and the interests of justice are served by granting this request."  (Mot. at 2.)  He also argues meets "all eight criteria set from § 3553(a) that are pertinent to this type of request" and he is a "zero risk to re-offend for the remainder of [his] life."  (Id.)

The Probation Office does not oppose Defendant's Motion but the United States opposes it.  The United States argues Defendant's sentence was lenient when it was imposed and the seriousness of the offense is too great to allow early termination here.  Further, the United States argues Defendant has not demonstrated sufficient justification for early termination, as he has not shown exceptionally good behavior or extraordinary circumstances that would warrant early termination.

The Court evaluates the relevant Section 3553(a) factors.  See Gross, 307 F.3d at 1044.

First, regarding the nature and seriousness of the instant offense, Defendant's underlying federal conviction was for a serious financial offense.  Defendant, however, has completed his term of incarceration for the instant offenses and there is no indication from the Probation Office or the United States that there is a legitimate risk of recidivism.  On balance, the Court construes this Section 3553(a) factor as weighing slightly in favor of denying the Motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

United States District Court
Central District of California

Next, given Defendant's record while on supervised release for nearly two years, requiring Defendant to serve the remaining balance of his three-year term would not serve the need for deterrence or the need to protect the public.  It is undisputed Defendant has not violated any term or condition of his supervised release and he has maintained stable residence and employment while on supervision.  Moreover, the Probation Office does not oppose early termination of Defendant's supervised release.

Ordinarily, a record of compliance with the terms of supervised release, though commendable, is expected from a person on supervision.  Here, however, the Court gives Defendant's record of compliance great weight in this determination because Defendant has complied with every condition for nearly two years.  This is not the case, for example, of a defendant who has had only one positive drug test over the course of a few years of supervision, but an otherwise clean record.  Cf United States v. Smith, 219 F. App'x 666, at *1 (9th Cir. Jan. 23, 2007) (finding defendant who failed to register change of address and missed two drug test appointments did not demonstrate exceptionally good behavior to justify termination of supervised release); United States v. Sabatino, No. 02-CR-20067 JF, 2014 WL 6847779, at *2 (N.D. Cal. Dec. 3, 2014) (finding defendant who violated his release terms on one occasion did not demonstrate exceptional conduct and did not justify early termination of supervised release).  In contrast, Defendant has fully complied with the terms of his supervision, has not engaged in any illegal behavior, and has maintained stable employment and housing while on supervision.

United States District Court
Central District of California

1  Moreover, Defendant is not required to demonstrate changed circumstances

2  or undue burden in order to be eligible for early termination of his supervised

3  release.  See Bainbridge, 746 F.3d at 948-50; Emmett, 749 F.3d at 819-20.  Even if

4  there were such a requirement, Defendant has shown "exceptionally good behavior"

5  as recognized in Miller, 205 F.3d at 1101, not just through his compliance with

6  every condition of his term of supervised release for nearly two years, but also his

7  success in maintaining steady employment and housing.

8

9  The Court notes several other district courts have determined mere

10  compliance with the conditions of supervised release is insufficient to justify early

11  termination of supervised release.  See, e.g., United States v. Bauer, No. 09-CR-

12  00980, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) ("compliance with

13  release conditions, resumption of employment and engagement of family life [ ] are

14  expected milestones rather than a change of circumstances rendering continued

15  supervision no longer appropriate"); United States v. Grossi, CR 04-40127 DLJ,

16  2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the

17  terms of supervised release is what is expected, and without more, is insufficient to

18  justify early termination.").  In this case, however, Defendant's total compliance

19  with every condition is commendable and deserves significant weight in the Court's

20  consideration of whether to grant early termination of his supervised release.  See,

21  e.g., United States v. Copeland, No. CR 02-00316 WHA, 2014 WL 1620947, at *1

22  (N.D. Cal. Apr. 22, 2014) (granting motion for early termination of supervised

23  release for defendant who complied with all terms and conditions of supervised

24  release); United States v. Baker, No. CR 02-00316 WHA, 2014 WL 1652486, at *1

25  (N.D. Cal. Apr. 23, 2014) (same).  Defendant's record of compliance is exemplary

26

6

1  and should be credited fully.  These factors weigh strongly in favor of terminating

2  Defendant's supervised release.

3

4         Turning to the remaining relevant Section 3553(a) factors, there is no

5  evidence demonstrating the need for continued supervision in order to provide

6  Defendant with medical care or training, as he has been gainfully employed

7  throughout his supervision, and there is no evidence of any need for medical care.

8  Accordingly, these factors also weigh in favor of terminating Defendant's

9  supervised release.

10

11        In weighing all the relevant Section 3553(a) factors, the Court concludes

12  Defendant has demonstrated early termination is warranted here.  Terminating

13  Defendant's term of supervised release is in the interest of justice.  See 18 U.S.C.

14  § 3583(e)(1).

15

16  ///

17  ///

18  ///

19

20

21

22

23

24

25

26

## IV.    Conclusion

For the foregoing reasons, Defendant's Motion for early termination of his three-year period of supervised release is GRANTED.  Defendant's term of supervised release is hereby TERMINATED, effective immediately.

**IT IS SO ORDERED.**

Dated:    5/29/2020

Virginia A. Phillips
Chief United States District Judge

CC: USPO

United States District Court
Central District of California

8